OPINION
On March 27, 2000, the Stark County Grand Jury indicted appellant, Willie Cleveland, on one count of gross sexual imposition upon a minor less than thirteen years of age in violation of R.C. 2907.05(A)(4) and three counts of gross sexual imposition by force, threat of force or deception in violation of R.C. 2907.05(A)(1). Said charges arose from incidents involving appellant's "stepdaughter."
A jury trial commenced on July 20, 2000. At the close of the state's case-in-chief, appellant made a motion for acquittal pursuant to Crim.R. 29. The trial court granted said motion on the count of gross sexual imposition upon a minor less than thirteen years of age. The jury found appellant guilty on the remaining three counts. By judgment entry filed July 28, 2000, the trial court sentenced appellant to an aggregate term of three years in prison.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY DENYING THE DEFENSE COUNSEL MOTION FOR A NEW TRIAL PURSUANT TO CRIMINAL RULE 33, DUE TO PROSECUTORIAL MISCONDUCT IN FAILURE TO COMPLY WITH DISCOVERY RULE 16(B)(1)(d), THEREBY DENYING THE DEFENDANT/APPELLANT A FAIR TRIAL AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION TEN OF THE OHIO CONSTITUTION.
 II THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY DENYING THE DEFENSE MOTION FOR ACQUITTAL PURSUANT TO CRIMINAL RULE 29(A) AT THE CLOSE OF THE STATE'S EVIDENCE, IN VIOLATION OF THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION WHERE THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION FOR GROSS SEXUAL IMPOSITION.
 III THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY DENYING THE DEFENSE MOTION FOR ACQUITTAL PURSUANT TO CRIMINAL RULE 29(C) FOLLOWING THE VERDICT AS TO COUNTS TWO(2), THREE (3) AND FOUR (4) OF THE INDICTMENT, IN VIOLATION OF THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION WHERE THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION FOR GROSS SEXUAL IMPOSITION.
 IV THE EVIDENCE IS INSUFFICIENT TO SUSTAIN A CONVICTION AND THEREFORE, THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Appellant claims the trial court erred in denying his motion for mistrial which was based upon the argument that the state failed to disclose that a witness, a licensed therapist, would testify on post-traumatic stress syndrome. We disagree.
Crim.R. 16 governs discovery matters. Pursuant to Crim.R. 16(E)(3), violations under Crim.R. 16 are left to the discretion of the trial court:
 (3) Failure to comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances.
The state admitted the preliminary diagnosis of post-traumatic stress syndrome was not disclosed in discovery, but claimed the omission was inadvertent. Vol. I T. at 313-316. Defense counsel argued the licensed therapist's entire testimony should be stricken from the record in lieu of a mistrial. Id. at 316-317. The trial court struck all of the testimony as it related to post-traumatic stress syndrome and specifically charged the jury in that regard. Id. at 319-320.
We find the remedy fashioned by the trial court to be sufficient and not to be one of abuse of discretion.
Assignment of Error I is denied.
 II, III, IV
These assignments of error claim the trial court erred in not granting a Crim.R. 29(A) acquittal or Crim.R. 29(C) motion after the verdict, and challenge the weight of the evidence to sustain a conviction. These assignments attack the sufficiency of the evidence as to Counts 2, 3, and 4 of the indictment based on the vague and uncertain testimony of the victim.
Appellant was found guilty of three counts of gross sexual imposition in violation of R.C. 2907.05(A)(1) which states as follows:
 (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 (1) The offender purposely compels the other person, or one of the other persons, to submit by force or threat of force.
Count 2 alleged a continuous course of conduct from July 1, 1996 to July 22, 1997; Count 3 alleged a continuous course of conduct from July 23, 1997 to July 22, 1998; and Count 4 alleged a continuous course of conduct from July 23, 1998 to September 30, 1999.
Crim.R. 29 governs motions for acquittal. Subsection (A) states as follows:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
Subsection (C) states the following:
 If a jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within fourteen days after the jury is discharged or within such further time as the court may fix during the fourteen day period. If a verdict of guilty is returned, the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned, the court may enter judgment of acquittal. It shall not be a prerequisite to the making of such motion that a similar motion has been made prior to the submission of the case to the jury.
Because no witnesses were presented by the defense, our review on a Crim.R. 29(C) motion is identical to a review of a Crim.R. 29(A) motion. The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus:
 Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
The victim was seventeen years old at the time of the trial and had known appellant for five years as a result of appellant's relationship with her mother.[1] Vol. I T. at 156-158. Appellant lived with the victim, her mother and at times her brother. Id. at 158-159. The victim explained the sexual conduct would occur when her mother was at work.Id. at 161. Appellant would have the victim rub his penis with lotion until he was erect and then he would lay on top of her and rub himself against her groin until he ejaculated. Id. at 163-165.[2] The victim stated she went along with this because appellant threatened to "ruin my mom's happiness." Id. at 165-166. Appellant would threaten the victim with a stun gun, and he once grabbed her hair and dragged her off the bed. Id. at 166-168. The victim testified the incidents happened once a week when she was thirteen, fourteen and fifteen years old and stopped right before she and her mother moved out. Id. at 169-170.[3] The victim told her best friend, Michael Baker, about the incidents when "it first happened" "[i]n the seventh grade I think." Id. at 170-171. The victim never reported any of the incidents to an adult until her mother decided to move back in with appellant. Id. at 171-172, 189-190. The victim testified her grades slid after the beginning of the abuse. Id. at 191; Plaintiff's Exhibits 1, 2 and 3. The victim admitted she could not recall when it first happened, but she remembered "most if it." Id. at 205. The victim stated the incidents happened when they lived on First Street and Traphagen. Id. at 207-208.
The victim's mother, Barbara O'Dell, testified they lived on Thackery from 1994 to 1995, moved to First Street in 1995 and thereafter moved to Traphagen. Id. at 254-255. Ms. O'Dell confirmed that appellant owned a stun gun. Id. at 256. The victim's best friend, Michael Baker, confirmed that the victim first told him about the incidents when they were in the seventh grade, when the victim was thirteen years old. Vol. II T. at 32-34. The victim's brother, Steven Gumple, Jr., lived in the home at times and testified there were many times when appellant would be alone at home with the victim. Id. at 45.
When the Crim.R. 29(A) motion was made, the testimony was sufficient pursuant to said rule for the trial court to deny the motion. Further, the evidence, although it relied on the testimony of the victim, was sufficient to meet the standard under Jenks given the circumstantial evidence of opportunity and identity of various residences. The jurors had the opportunity to decide on the credibility of the victim and her demeanor and forthrightness as a witness. State v. Jamison (1990),49 Ohio St.3d 182.
Upon review, we find sufficient evidence in the record, bolstered by the prior reporting to Mr. Baker and the description of the times appellant and the victim were alone, to substantiate the finding of guilty, and no manifest miscarriage of justice.
Assignments of Error II, III and IV are denied.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
Hon. Julie A. Edwards, P.J. Hon. William B. Hoffman, J. and Hon. Sheila G. Farmer, J. concur.
[1] Appellant and the victim's mother acted as if they were married but in fact they were not as the victim's mother came to learn she was still married to the victim's father. Vol. I T. at 260-262.
[2] The victim's mother testified this was the same sexual conduct she and appellant engaged in as "husband and wife." Vol. I T. at 252-253.
[3] The victim's date of birth is July 23, 1983, and the ages of thirteen, fourteen and fifteen correspond to the dates in Counts 2, 3, and 4. Vol. I T. at 156.